FILED
Feb 14, 2023
01:32 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| John A. Earheart, Jr. | ) | Docket No. 2019-06-1297 |
| | ) | |
| v. | ) | State File No. 52124-2018 |
| | ) | |
| Central Transport, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 27, 2023 |
| Compensation Claims | ) | in Nashville, Tennessee |
| Kenneth M. Switzer, Chief Judge | ) | |

---

**Affirmed and Certified as Final**

---

In this appeal of the trial court's compensation order awarding attorneys' fees and costs, the employer contends the award is improper under the statute. Following a compensable injury, the employer terminated the employee, asserting the termination was for cause. The employee sought temporary disability benefits, which resulted in extensive discovery. Shortly before the expedited hearing, the employer agreed to pay the requested benefits and an associated twenty-five percent penalty. At that time, the parties reserved the issue of the employee's attorneys' fees and the reimbursement of costs for trial. Ultimately, the parties agreed to settle the claim, and the sole issue at trial was whether the employee's attorney was entitled to attorneys' fees for his work in obtaining the temporary benefits. After conducting a hearing, the court determined the employer wrongfully failed to initiate benefits and ordered the payment of attorneys' fees and costs. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Richard R. Clark, Jr., Nashville, Tennessee, for the employer-appellant, Central Transport, Inc.

D. Andrew Saulters, Nashville, Tennessee, for the employee-appellee, John A. Earhart, Jr.

1

**Factual and Procedural Background**

John A. Earhart, Jr. ("Employee") began working for Vitrain Express in 2011 as a delivery driver. That company was eventually acquired by Central Transport ("Employer"), and Employee continued to work there in the same capacity. On August 15, 2016, Employee was making a delivery in the course and scope of his employment when he slipped and fell on his right leg. Employer provided a panel, and Employee selected Dr. Thomas Byrd, who diagnosed a torn labrum. Dr. Byrd performed surgery in April of 2017 and took Employee completely out of work, during which time he received temporary total disability benefits.

In March of 2018, Dr. Byrd released Employee to restricted work, and Employer returned Employee to work in the office at the terminal. In June of 2018, Employee had a follow-up visit with Dr. Byrd, at which time he complained of radiating pain from his right heel to his back. Dr. Byrd recommended Employee see a neurologist. Employer did not provide a panel and did not schedule a return appointment with Dr. Byrd after that June appointment.

In July 2018, Employer removed Employee from his light duty work in the terminal office and assigned him to work at Fifty Forward, a senior center. Employer then scheduled a medical exam with Dr. Malcom Baxter. Dr. Baxter saw Employee on October 25, 2018, and opined that Employee's back and heel pain was "more likely than not greater than 51% due to the injury and subsequent surgery." He also recommended a lumbar MRI. Despite these recommendations, Dr. Baxter placed Employee at maximum medical improvement. Based on this report, the workers' compensation adjuster, Mike Gehringer, contacted Employee on December 18, 2018, and advised him that he had been released and to report to Employer for work. According to the record, there was no route or assignment available to Employee at his local terminal on that date; further, based on the record, it appears Employer did not have written confirmation that Employee's restrictions were lifted. As such, Employee took three days of approved personal leave in order to allow more time for Employer to resolve the issues regarding his return to work.

Following his leave and the Christmas holiday, Employee returned to work on December 26, 2018. He was unable to clock in because he had not been returned to "active duty" within the computer system used by Employer. Employee left work, and, a few days later, received correspondence from Employer stating he had been terminated for three days of "no call/no show" beginning December 13. Employee testified and timecards establish that Employee worked at Fifty Forward on December 13, 14, 17, and 18, 2018.

Following his termination, Employee sought medical treatment on his own and filed a petition for benefit determination for medical treatment in July 2019. Employee requested another appointment with Dr. Byrd and a panel for treatment of his back complaints. Although Employer offered a panel from which Employee selected a doctor,

an appointment was never scheduled. Meanwhile, Dr. Byrd placed him at maximum medical improvement on December 9, 2019, for his hip injury, although he did not see him on that date. Employee requested a hearing regarding his petition for medical benefits and asked that a decision be made on the record. On October 21, 2020, the trial court ordered Employer to provide panels of specialists for both the hip and back and referred the case to the Compliance Program. That order was not appealed.

Employer provided the panels, and Employee selected Dr. Richard Matthews for treatment of his back; Employee chose to return to Dr. Byrd for continued treatment of his hip rather than start treatment with a new physician. On January 21, 2021, Employee filed another petition for benefit determination seeking temporary disability benefits for the time period of December 18, 2018 to August 3, 2019, the date on which he obtained new employment. By that time, several depositions had been conducted and even more were scheduled in a pending federal case Employee had filed for retaliatory discharge. These included depositions of the adjuster, Michael Gehringer; Employer's corporate representative, Dean Kuska; four other employees of Employer; and Dr. Byrd, who was deposed twice on video. A hearing was set for May 13, 2021, to address Employee's request for temporary disability benefits, but the day prior to the hearing, Employer agreed to pay the requested benefits. The parties announced the agreement in court the following day, and Employer also agreed to pay the requested twenty-five percent penalty. The issue of attorneys' fees under Tennessee Code Annotated section 50-6-226(d)(1) was reserved for the compensation hearing. The trial court issued an order memorializing the parties' agreement, with the order specifically stating that Employee's "lawyer agreed to reserve his request for attorneys' fees for the compensation hearing. In light of these agreements, an evidentiary hearing did not take place."

Ultimately, Employee was released by both physicians with an anatomical impairment rating to the body as a whole of 2% for his hip from Dr. Byrd and 2% for his back from Dr. Matthews. The parties agreed to the impairment ratings but disputed whether Employee was entitled to increased benefits under Tennessee Code Annotated section 50-6-207(3)(B), as well as the reserved issues of attorneys' fees. Employer agreed to pay the increased benefits the morning of the compensation hearing on September 6, 2022, and thus the only issue that remained was whether Employee's attorney was entitled to fees and costs.

At the compensation hearing, Employee testified to the sequence of events regarding his termination from Employer. Employee presented the deposition of Dr. Byrd regarding his work restrictions, that those restrictions were still in place as of the time of his termination in December 2018, as well as proof that those restrictions were sent to Mr. Gehringer. Employee also filed the other depositions taken in the wrongful termination

3

case as further evidence of the timing and circumstances of the termination.[1]  Employee's counsel sought $50,505.50 in attorneys' fees and costs, supported by his affidavit and timekeeping records, as well as invoices for his costs.  Employer offered no proof at the hearing regarding the substance of Employee's underlying workers' compensation claim or the benefits to which he may be entitled.  Rather, Employer argued the attorneys' fees and costs were not recoverable because the benefits associated with the request for attorneys' fees had been paid voluntarily and because no hearing had been held at which the trial court had determined the benefits were wrongfully denied.

The court found in favor of Employee, stating Employer "wrongfully failed to timely pay the temporary total disability benefits to which [Employee] was entitled."  The court further stated that Employee's attorney's "extensive efforts, including deposing numerous lay witnesses and Dr. Byrd, led to [Employer's] conceding on the eve of trial that those benefits were owed."  While the court noted that all of the depositions were actually taken in the federal employment case and that counsel for Employer in this case was not even present for some of the depositions, it took into account Employee's counsel's characterization that the issues in both cases were "intimately, intricately intertwined" and determined that "it would be impossible to apportion them to one case or the other."  Finally, the court declined to accept Employer's argument that Tennessee Code Annotated section 50-6-226(d)(1)(B) was inapplicable because the temporary disability benefits had been paid voluntarily, stating that even though the prior order did not make a "finding," it "implicitly did so by explicitly holding the attorneys' fee issue in abeyance."  Further, stated the court, the statute allows for the trial judge to award attorneys' fees and costs when it determines benefits have been wrongfully denied at an expedited or compensation hearing.  The court awarded the full amount of fees and costs requested.  Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022).  When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).  However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence."  *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption

---

[1] Employer stipulated to the use of two of Employee's co-workers' discovery depositions at trial.  There is no indication in the record of any objection to the use of any of the other discovery depositions that were filed.  All of the depositions had been taken in the pending retaliatory discharge case in federal court, and, of those depositions, only one was not filed in the workers' compensation case.

4

of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

Employer raises two issues on appeal, which we restate as follows: (1) whether the court can award attorneys' fees and costs under section 50-6-226(d)(1)(B) if Employer agreed to pay the requested benefits prior to the hearing of the matter; and (2) whether the court abused its discretion in its award of attorneys' fees.[2]

*Attorneys' Fees Under 50-6-226(d)(1)*

Tennessee Code Annotated section 50-6-226(d)(1)(B) states that a trial court may award reasonable attorneys' fees and costs when an employer

> [w]rongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee . . . is entitled . . . including . . . temporary or permanent disability benefits . . . if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing.

The statute defines "wrongfully" in this context as "erroneous, incorrect, or otherwise inconsistent with the law or facts." *Id.* In interpreting this statutory provision, we have previously said that, in order to determine whether a decision was wrongful, the court should consider "whether an employer's decision to deny a claim was erroneous, incorrect, or otherwise inconsistent with the law or facts *at the time the denial decision was made.*" *Andrews v. Yates Servs.*, No. 2016-05-0854, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at *12 (Tenn. Workers' Comp. App. Bd. May 8, 2018). This determination can be made at an expedited or compensation hearing. We have cautioned in the past, however, against "adjudicating disputes concerning attorney's fees and expenses in piecemeal fashion as the case winds its way through the litigation process" and determined that "the better practice is to resolve [attorneys' fees disputes] after the litigation has run its course." *Andrews v. Yates Servs., LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (Tenn. Workers' Comp. App. Bd. May 23, 2017).

---

[2] Employer did not identify the amount of attorneys' fees or costs awarded by the court as an issue on appeal and acknowledged at oral argument that the fees and expenses were reasonable and that the time and rate submitted by counsel in his affidavit was appropriate. As such, we need not address whether the award complies with Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5 and Tennessee Rule of Civil Procedure 54.04.

In this case, the only issue for determination at the compensation hearing was whether Employee's counsel was entitled to attorneys' fees due to Employer's denial of temporary total disability benefits from the time of Employee's termination in December 2018 to when he obtained new employment in August 2019. An expedited hearing to address temporary disability benefits had previously been scheduled but no proof heard, as Employer agreed to pay the temporary total disability benefits and a twenty-five percent penalty under Tennessee Code Annotated section 50-6-205(b)(3). The parties specifically reserved the issue of attorneys' fees at that time. Employer argues that because it paid the benefits voluntarily, the trial court did not make a finding that the benefits were owed. As such, according to Employer, there can be no determination of a wrongful denial, and thus, the court could not award attorneys' fees and expenses.

This argument is flawed, however, as the workers' compensation statutes and case law are clear that determinations regarding the wrongful denial or failure to timely initiate benefits can be made at *either* an expedited hearing or a compensation hearing. Furthermore, the trial court's determination of "wrongful" is based on *when the denial is made*, not if or when the employer accepts the claim or agrees to initiate the benefits. We disagree with the trial court that its order holding the attorneys' fees issue in abeyance amounted to "an implicit finding." However, we can find no authority that prohibits the court from making a finding that an employer wrongfully denied or timely failed to initiate benefits after an employer has agreed to pay the benefits voluntarily. In short, we determine that Employer's agreement to pay the benefits and the penalty did not insulate it from a later determination by the trial court that attorneys' fees and costs are appropriate due to a wrongful denial or failure to initiate benefits.

Further, Employer expressly agreed to leave the issue as to whether Employee's attorney was entitled to fees and expenses in abeyance, and as such, any argument that the issue was not properly before the court was waived at that time. The agreement is clearly outlined in an order of the court from May 2021. Upon receipt of the order, Employer did not lodge any objection with the court indicating the statements were incorrect or improper. To assess whether the attorney should receive reasonable fees and expenses under Tennessee Code Annotated section 50-6-226(b)(1), which was specifically listed in the May 2021 order, the court must first assess whether there was a wrongful denial or a failure to timely initiate benefits, and the court properly did so at the compensation hearing. As such, we affirm the determination of the trial court that the requested benefits were wrongfully withheld.

*Reasonable Attorneys' Fees and Costs*

Having concluded that section 50-6-226(d)(1)(B) is applicable in these circumstances, we turn to whether the trial court erred in awarding attorneys' fees and costs in this case. An award for attorneys' fees pursuant to Tennessee Code Annotated section 50-6-226(d)(1) is discretionary and is subject to review under an abuse of discretion

6

standard. *Andrews*, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at \*11-12. A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). Again, Employer does not contend that the amount awarded was erroneous, but that the award itself is "illogical" under the "plain language of the statute." Employer argues the trial court's award of attorneys' fees and costs was made as a sanction or penalty and not under the factors in section 50-6-226(d)(1).

The court's determination that Employer wrongfully failed to timely initiate benefits was based on its review of the proof before it, as well as the live testimony of Employee. There was no evidence in the record to support that Employee had violated a workplace rule and the documentary evidence supported that Employee reported to work at all scheduled times. In fact, Employer submitted no testimony or proof at the compensation hearing at all. The trial court then considered Employee's attorney's "extensive" efforts to obtain the necessary proof for the benefits to be provided. As the trial court outlined, the attorney took numerous depositions of lay witnesses and the treating physician in order to prove Employee was entitled to the requested benefits. For the reasons outlined above, the trial court's assessment of the denial of the benefits was proper under Tennessee Code Annotated 50-6-226(d)(1)(B), and, thus, we find no abuse of discretion in its decision to award reasonable attorneys' fees.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order in all respects and certify it as final. Costs on appeal are taxed to Employer.

7



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| John A. Earheart, Jr. | ) | Docket No. 2019-06-1297 |
| | ) | |
| v. | ) | State File No. 52124-2018 |
| | ) | |
| Central Transport, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 27, 2023 |
| Compensation Claims | ) | in Nashville, Tennessee |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of February, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Richard R. Clark, Jr. | | | | X | rclark@eraclides.com jenniferdavis@eraclides.com |
| D. Andrew Saulters | | | | X | dsaulters@ortalekelley.com jarmstrong@ortalekelley.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov